Johnson v. Parker.

## MARTIN JOHNSON *vs.* JOHN PARKER, builder, and MARY J. PARKER, owner.

1. The land of a married woman is not liable, under the mechanics lien law, for work done and materials furnished in erecting a building under a contract made with her husband.

2. The husband cannot create a lien upon his wife's land; and even if she, during the erection of a building thereon, acquiesce in its erection, and give directions in relation thereto, her estate will not thereby be affected.

3. Can a married woman give any such consent to the erection of a building on her land as will make her estate liable to a lien for the work and materials?  *Query:*

This cause came before the court on the following special case, certified from the Middlesex Circuit Court:

This is an action brought by plaintiff, under the statute relating to mechanics' lien, against John Parker, as builder, and Mary J. Parker, as owner, to recover for work done and materials furnished by the plaintiff in the erection of a certain dwelling-house by said John Parker, as builder, on the land of his wife, the said Mary J. Parker, in the county of Middlesex, and was tried at the September Term of the Middlesex County Circuit Court, A. D. 1857.

---

Johnson v. Parker.

---

It is admitted that Mary J. Parker is the wife of said John Parker, and is the owner of the land in question; that she pleaded, in said suit, that her land was not liable to said claim of lien of the plaintiff; that the work was done, and materials furnished by plaintiff, in the erection of the said dwelling-house on the land of the said Mary J. Parker, under a contract between the plaintiff and the said John Parker under hand and seal.

It is also admitted that defendant, Mary J. Parker, never gave any consent in writing for the erection of the said house on her land; but that she knew of the work being done at the time of its performance, and gave directions to plaintiff with regard to some part of the same.

The defendant, Mary J. Parker, by her counsel, at the close of the plaintiff's case, moved the court to instruct the jury that the evidence was insufficient in law to enable the plaintiff to recover against Mary J. Parker, owner, as she had never given her legal consent to the erection of said house on her land.

The court directed the jury to find for the plaintiff, reserving the question whether, under the facts, the lands of the said Mary J. Parker are subject to the said lien, for the advisory opinion of the Supreme Court; and further ordered that the case be certified to the Supreme Court, for the opinion of said court on the following point: whether the land of Mary J. Parker, as owner, being the wife of John Parker, builder, is liable in law for the work and labor done and materials furnished by plaintiff in the erection of said dwelling-house on her land by her husband, as builder, by her acquiescence, but without her consent in writing, under the statute of this state relating to mechanics' lien.

Argued at June Term, 1858, before the CHIEF JUSTICE, and Justices OGDEN, HAINES, and RYERSON.

A. V. Schenck, for the plaintiff.

Lytle, for the defendants.

Johnson v. Parker.

The opinion of the court was delivered by

HAINES, J.    At the trial of this cause before the Middlesex Circuit Court, the judge reserved, and has certified to this court the question whether the land of a married woman is liable in law for the work and labor done, and materials furnished, in the erection of a house upon it by her husband, with her acquiescence and without her consent in writing.

The plaintiff, seeking to charge the land of Mary J. Parker, who is the wife of John Parker, brought his action against the husband, as builder, and the wife, as owner of the land.    He does not attempt to charge the curtesy of the husband, nor any estate he may have in it, but the fee of the wife, and treats her, in the claim of lien filed, as if she were *feme sole.*

If, in fact, she were a single woman, no lien could attach to her land without her consent in writing, pursuant to the 4th section of the act providing for mechanics' liens, and if no such consent were given, her land could not have been charged.    But it is insisted that she, in fact, being married, no such consent was necessary ; that the erection of the building by her husband with her verbal acquiescence is sufficient to charge it.

If this proposition can be maintained, the very object of the act for the better securing the property of married women may be defeated.    That act provides that the real and personal property of any female married after its passage, or property acquired by her after her marriage, shall not be subject to the disposal of her husband, nor liable for his debts.    But if it can be charged by such lien, then it may be subject to the disposal of the husband, and made liable for his debts.    By building upon it, he would subject it to the payment of the debts by him thereby contracted, and to a sale by judgment and execution, and thus dispose of it at his pleasure.

The acquiescence of the wife cannot divest her of her

real estate. The act respecting conveyances provides a way in which she may alien or charge her lands, and requires not only the solemnity of a deed, but an acknowledgment of its voluntary execution before a proper officer. If her mere acquiescence is sufficient, then the provision of this act may be defeated, and the protection of the rights of married women meant to be afforded by the common law could be evaded. That acquiescence may have been involuntary, extorted by fear, threats, or compulsion, and should have no weight or influence in the consideration of the question presented.

A deed of a married woman, signed, sealed, and delivered without due acknowledgment, divests her of no right; and surely her mere verbal assent to the building of a house by her husband should not be allowed as a mode of alienating her lands.

It is insisted that, unless such lien be allowed, the mechanics' lien law would be a nullity as to the lands of married women; that the husband cannot be regarded as the owner, and the wife cannot give the consent contemplated by the statute, nor make a contract with her husband.

If this be true, it proves the more clearly the former proposition. If a formal assent in writing will not bind the wife, her mere verbal assent cannot prejudice her.

But the difficulty suggested arises from the disability incident to the coverture; and if the plaintiff cannot charge the land as the estate of the husband, nor obtain the lawful consent of the wife, he is, of course, without this form of remedy. But he would be in like condition, if he had done the work or furnished the materials for a house on the land of a minor or a lunatic. No consent could be there given; and if he build without it, he must find some other way of securing payment for his work and materials.

I am of opinion that the lands of Mary J. Parker are not liable, and that the Circuit Court should be so advised.

CITED in *Washburn* v. *Burns*, 5 *Vr.* 21.